**SPARROW CONSTRUCTION CORPORATION,**
Petitioner,

v.

**SECRETARY OF LABOR,** Respondent.

No. 1284, Docket 93–4231.

United States Court of Appeals,
Second Circuit.

Argued March 10, 1994.

Decided March 15, 1994.

Opinion April 21, 1994.

Stephen E. Trimboli, Genova, Burns, Trimboli & Vernoia, Livingston, NJ, for petitioner.

Charles F. James, Washington, DC (Thomas S. Williamson, Jr., Sol. of Labor, Joseph M. Woodward, Associate Sol. for Occupational Safety and Health, Ann Rosenthal), for respondent.

Before: WALKER and JACOBS, Circuit Judges, and ZAMPANO, District Judge.*

PER CURIAM:

Petitioner Sparrow Construction Corporation ("Sparrow") was involved in the dismantling and renovation of several buildings in New York City that had been ravaged by fire. Engaging in what is referred to as "gut-rehab," short for gutting and rehabilitating a damaged structure, Sparrow employed a "demolition subcontractor" to clear out debris and to remove and replace floor beams and perform other structural repairs.

In June 1992, a compliance officer from the Occupational Safety and Health Administration visited the site of Sparrow's work. He observed that neither the floors nor the walls were shored or braced to prevent their collapse. In his estimation, it was "very likely" that the flooring could collapse and lead to

---

* The Honorable Robert C. Zampano, United States District Judge for the District of Connecticut, sitting by designation. Judge Zampano, who retired on March 31, 1994, concurred in the order issued in this case on March 15, 1994, which denied the petition for review for the reasons stated in this opinion.

grave injury to the workers inside. Accordingly, he recommended that Sparrow be cited for a serious violation of the safety standard relating to the demolition of structurally damaged buildings. The citation was issued on August 27, 1992. An Administrative Law Judge ("ALJ") affirmed the citation, and the Occupational Safety and Health Review Commission ("OSHRC") declined to review that ruling. Sparrow then petitioned this court for review.

The citation in this case was issued pursuant to the Secretary of Labor's enforcement power under the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651 *et seq.* The specific standard at issue states:

When employees are required to work within a structure to be demolished, which has been damaged by fire, flood, explosion or other cause, the walls or floor shall be shored or braced.

29 C.F.R. § 1926.850(b).

Sparrow challenges the citation issued on the basis that the structure in which it worked was not one "to be demolished" within the meaning of the safety standard because the building was not to be torn down, but rather only "gutted" and rehabilitated.

We will affirm the Secretary's interpretation of OSHA if that interpretation "is consistent with the regulatory language and is otherwise *reasonable.*" *Martin v. OSHRC,* 499 U.S. 144, 156, 111 S.Ct. 1171, 1179, 113 L.Ed.2d 117 (1991). The Secretary's interpretation of OSHA can be embodied in a citation. *See id.* at 157, 111 S.Ct. at 1179. Thus, we must determine if the interpretation as embodied in the Secretary's citation was consistent with the safety standard and otherwise reasonable.

The Secretary argues that it is reasonable and consistent with the safety standard to interpret the demolition standard to encompass gut-rehab projects like the one in this case. He argues that a common sense reading of the regulation demonstrates that the standard should apply where the interior of a structure is to be demolished, not simply where the external walls are to be razed. We agree. The safety standard was established to protect employees working in damaged and condemned buildings from the dangers of collapse arising from structural de-

fects and weaknesses. The compliance officer testified that the building in which Sparrow was working suffered from significant structural damage: the building had been badly damaged by fire, floors above the first had fallen in, and the walls and framing were charred and twisted. Sparrow's president and chief witness, Randy Silverstein, admitted that the subcontractor would be performing necessary "structural repairs" like replacing beams to the damaged building. We cannot say that characterizing some of the procedures performed during the course of this renovation as "demolition" is unreasonable. The Secretary's interpretation of OSHA, as expressed through the citation, is therefore a reasonable one that deserves deference. *See Martin,* 499 U.S. at 157–58, 111 S.Ct. at 1179–80.

We have carefully considered the arguments raised by the petitioner and find them to be without merit. Accordingly, the petition for review is denied and the OSHRC's order denying review of the ALJ's ruling is affirmed.